IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tori Keon Thompson, <br><br> Plaintiff, <br> vs. <br><br> Richland County Department of Social Services Child Enforcement Support Division; Alexis Williams; Susan Alford; Gayle Watson; Linda S. Stroman; John Doe, <br><br> Defendants. | Civil Action No. 3:18-cv-693-CMC <br><br> **ORDER** |

This matter is before the court on Plaintiff's complaint questioning the constitutionality of Title 63, South Carolina Children's Code. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. On March 30, 2018, the Magistrate Judge issued a Report recommending this matter be summarily dismissed without prejudice and without issuance and service of process due to lack of subject matter jurisdiction. ECF No. 11. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections on April 12, 2018. ECF No. 15.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made

by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).

Plaintiff's Complaint is a collection of citations to the Federal Rules of Civil Procedure, case law, statutes, and the Constitution. ECF No. 1. However, he provides no facts regarding the controversy at issue in this action, and attributes no conduct to any Defendant. He questions whether South Carolina Code 63 is constitutional, but provides no information about how he was impacted by this statute or why he believes it is unconstitutional. He implies he may have lost property by requesting its return in the "Remedy" section, and requests "all forms communication and any acts of invasion" cease and desist and that he receive formal apologies "given to the defendant." *Id.* at 6. The Complaint fails to comply with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

Plaintiff's objections provide more information regarding some actions he alleges were taken against him. ECF No. 15. However, he does not clearly set forth which of his Constitutional rights he alleges were violated, which actions undertaken by which Defendants led to these alleged violations, or even the identity of each Defendant. Although Plaintiff provided more information in his objections than his Complaint, the objections are not a pleading and cannot be construed as such. However, as it appears Plaintiff has further information to allege, the court will give Plaintiff an opportunity to amend his Complaint. To comply with the Federal Rules of Civil Procedure, an amended complaint must identify the legal claims Plaintiff asserts against each Defendant and the factual basis for holding each Defendant liable. Failure to do so may result in the case being dismissed.

2

Accordingly, after considering *de novo* the record, the applicable law, the Report, and Plaintiff's objections, the court declines to adopt the Report. Plaintiff shall have twenty-one (21) days from the filing of this Order to amend his Complaint to include his factual allegations and legal claims. If Plaintiff fails to timely amend his Complaint, it is subject to dismissal.[1]

**IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
April 23, 2018

---

[1] The opportunity to amend does not mean the court finds Plaintiff's claims to have merit. Any amended complaint will also be subject to review under 28 U.S.C. § 1915.