IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tori Keon Thompson, | Civil Action No. 3:18-cv-693-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| Richland County Department of Social Services Child Support Division, and Alexis Williams, | |
| Defendants. | |

This matter is before the court on Plaintiff's amended complaint questioning the constitutionality of Title 63, South Carolina Children's Code. ECF No. 20. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. On May 18, 2018, the Magistrate Judge issued a Report recommending the amended complaint be summarily dismissed without prejudice and without issuance and service of process due to lack of subject matter jurisdiction. ECF No. 26. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections on June 5, 2018. ECF No. 29.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made

by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).

The Magistrate Judge recommends Plaintiff's amended complaint be dismissed because there is no apparent basis of federal jurisdiction over the matter. ECF No. 26. Plaintiff's objects, arguing the money he paid to DSS was taken out of his bank account and travelled through the National Banking System. ECF No. 29 at 2. He attaches a "Mandatory 3rd set of Judicial Notice Supported by Rule 201," arguing the "Clearfield doctrine" establishes that "if a government agency receives 'commercial paper' from its citizen, that agency immediately transforms into a private entity, thus losing its immunity and contempt of court powers." ECF No. 29-1 at 1. Plaintiff also cites a Department of Justice US Attorney Manual which allegedly states "when dealing with negotiable instruments the federal government has jurisdiction." *Id.* at 2. He attaches the *Clearfield* case, Rules of Evidence, and the United States Constitution in support of his assertions.

The materials submitted by Plaintiff do not establish federal jurisdiction over this matter. He alleges no facts regarding citizenship that may lead to diversity jurisdiction. His amended complaint alleges federal question jurisdiction under "Fed. Rule 5.1" and "Title 42 SC Code 63," arguing Federal Rule of Civil Procedure 5.1 "allows all Citizens to invoke and have Constitutional Law in every court or hearing." ECF No. 20. However, he challenges South Carolina Code title 63, a South Carolina state law. Fed. R. Civ. P. 5.1 applies to question a federal statute or a state statute if "the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity." Further, the rule addresses notice and service of such a challenge, and

certification by the court – not jurisdiction. Plaintiff includes South Carolina Department of Social Services as a Defendant; therefore, this Rule does not apply even assuming arguendo it could confer federal question jurisdiction. Although Plaintiff alleges "Title 42" and "SC Code 63" are unconstitutional, he does not identify the section of those statutes he challenges, or what facts led to Plaintiff suffering injury under these alleged unconstitutional statutes, or which of his constitutional rights were violated. His objections appear to attempt to establish federal question jurisdiction; however, the mere use of the "National Banking System" or presentation of a negotiable instrument does not confer federal question jurisdiction, which arises only if a case arises under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331.

Accordingly, after considering *de novo* the record, the applicable law, the Report, and Plaintiff's objections, the court adopts the Report by reference in this Order. Plaintiff's amended complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
June 7, 2018